## A. J. Lindsey et al. v. State of Texas et al.

### No. 1218. Decided June 4, 1903.

**Constitution—Releasing Liability to State.**

Art. 845, Rev. Stats., authorizing sale by the commissioners court of judgments against insolvents the proceeds of which belong to a county, is not invalid under art. 3, sec. 55, of the Constitution, prohibiting a release or extinguishment of such obligations. (Pp. 587, 589.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Edwards County.

*Walter Anderson, W. C. Linden, H. C. Fisher, Jr.,* and *Jno. C. Townes,* for appellant.—The Legislature of the State has full power and authority over the fiscal affairs of the several counties of the State and over the commissioners courts of such counties, as the ordinary business representatives of such counties, except as such powers may be limited by the Constitution of the United States or of Texas. There is nothing in the Constitution of Texas limiting the power of the Legislature with regard to authorizing commissioners courts to sell judgments against insolvent debtors, belonging to their respective counties. Section 55, article 3, of the Constitution of Texas relates only to extinguishment or release of debts due counties and has no reference whatever to sales of judgments against insolvents. Texas Constitution, article 3, section 55; Bouvier's Law Dic., title, Sales, Release, Extinguishment; Lindsey v. State, 66 S. W. Rep., 335, 27 Texas Civ. App., 540.

*J. R. Sanford* and *Ball & Ingrum,* for appellees.—Art. 845, Rev. Stats., purporting to authorize the sale of judgments belonging to counties by the commissioners court of such counties is invalid and void, being in derogation of art. 3, sec. 55, of the Constitution of the State of Texas, and therefore the act of the Commissioners Court of Edwards County in attempting to sell said judgment was invalid and void, and the trial court did not err in so instructing the jury. Art. 3, sec. 55, Constitution of the State of Texas, 1876, which is as follows: "The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual to this State, or to any county or other municipal corporation therein." Olivier v. City of Houston, 22 Texas Civ. App., 55; Ollivier v. City of Houston, 93

Texas, 201; City of Louisville v. Louisville Railway Co., 63 S. W. Rep., 14, and cases cited; Edwards v. Morton, 92 Texas, 152.

Said article 845 is invalid and unconstitutional, in that, and because the subject thereof, so far as it relates to sales of judgments, is not expressed in the title of the act, and it is therefore in violation of sec. 35, art. 3, of the Constitution. Constitution of Texas, 1876, art. 3, sec. 35; Adams & Wickes v. San Angelo Waterworks Co., 86 Texas, 485; Giddings v. City of San Antonio, 47 Texas, 548; Cooley on Const. Lim., 6 ed., 172.

WILLIAMS, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth District has certified the following statement and question for decision:

"On the 24th day of October, 1894, in cause No. 168, styled the State of Texas v. Lindsey et al., the State of Texas recovered, in the District Court of Edwards County, against Dick Lindsey as principal, and A. J. Lindsey, T. D. Lindsey, J. J. Jones, T. M. Payne, and Martin Moran as sureties, for the forfeiture of a bail bond of Dick Lindsey, a judgment for the sum of $6000, with interest thereon at the rate of 6 per cent per annum from date, together with costs of suit. At its February term, 1897, the Commissioners Court of Edwards County, Texas, by an order duly entered upon its minutes, which purported to be made by virtue of art. 845, Rev. Stats., in consideration of $500, sold, assigned and transferred to W. D. Walker the above described judgment.

"On the 23d day of January, 1900, the State of Texas brought this suit against appellants, A. J. Lindsey, J. J. Jones, T. M. Payne, Martin Moran, W. D. Walker and W. A. Johnson, to set aside the order of the Commissioners Court transferring and assigning said judgment to Walker upon the grounds (1) that art. 845, Rev. Stats., by virtue of which the transfer was made, is unconstitutional; and (2) that the sale of the judgment was procured by a fraud.

"The answer of appellants admits the sale and transfer of the judgment to Walker; claiming the article under which the sale was made is constitutional, and denies that any of them was guilty of any fraud in the procurement of such sale and transfer. On the trial the court refused to hear evidence upon or submit the issue of fraud, but instructed the jury as follows:

" 'Gentlemen of the Jury: You are instructed that as the defendants invoke article 845, Revised Statutes of Texas, which authorizes the commissioners court to sell the judgment in question, and the court being of the opinion that said article of the statutes is in contravention of section 55, article 3, of the Constitution of the State of Texas, and therefore is void, and the plaintiff having sufficiently proven its right to recover in this case in an undisputed manner, you are charged to return your verdict for the plaintiff, and say by your verdict: "We, the jury, find in favor of plaintiff as against defendant a verdict as prayed for in plaintiffs' original petition, and that the judgment lien of plaintiffs upon the

lands described in plaintiffs' original petition is valid and subsisting and should be foreclosed." And sign said verdict by your foreman. I. L. Martin, Judge 38th Dist. of Texas.'

"Question: Is article 845, Revised Statutes of 1895, constitutional?"

Article 845 is as follows: "Whenever the principal and sureties upon any judgment, the proceeds of which revert to, and belong to, any county, are insolvent so that under any existing process of law said judgment, or any part thereof can not be collected, the commissioners court of said county are hereby constituted a board to dispose of such judgment, and are hereby empowered and authorized, by such advertising as they may deem necessary, to offer for sale as they may deem to be the best interests of the county all the right of the county to such judgment. And if by public sale, if the amount bid on the same should not be deemed sufficient they shall refuse to accept the same, and dispose of the same in any manner deemed by them most advantageous to the interest of the county, and upon sale shall make a proper assignment of said judgment to the purchaser."

The provision of the Constitution with which it is alleged to conflict is section 55, article 3, which reads thus:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any incorporation or individual to this State or to any county or other municipal corporation therein."

That which the statute authorizes is not the same thing as that which the Constitution forbids. The subject matter of the constitutional provision is the "indebtedness, liability or obligation" of persons and corporations to State, county or other municipal corporations, and it is the releasing or extinguishing of such indebtedness, liability or obligation that is inhibited. The evident meaning is that the debtor or obligor shall not be released, nor his debt, liability or obligation extinguished. The statute provides, not for this, but for a realization of the value of judgments, by sale or disposition to others than the debtor or obligor. Such a disposition does not release the debtor nor extinguish his liability, but assigns it to another as a means of obtaining its value. To give to the Constitution the meaning contended for by appellee, it should be thus read: "The Legislature shall have no power to release or extinguish, nor to sell, transfer or assign, etc., in whole or in part," etc. If it read thus, it would evidently forbid all sales of such claims, while appellee admits that sales for the full amount due upon them are permissible. But we are not authorized to import into the Constitution language which it does not use; and if the language supposed were used, no sale or assignment could be excepted. The argument is made that a sale of a judgment for less than its face value is a "release" of the right to a part of it, and therefore within the mischief intended to be prevented by the Constitution. But such a transaction could not accurately be called a release, and we must take and apply the plain language of the Constitution as we find it and can not add to it so as to restrict the powers of

the Legislature further than such language restricts it, in order to prevent a fancied mischief. "We are not to import difficulties into a Constitution by a consideration of extrinsic facts, when none appear upon its face." Cooley, Const. Lim., 78. Besides we do not think that anything authorized by the statute comes within the mischiefs against which the inhibition in question is directed. It is one thing to release debtors or extinguish their indebtedness, liabilities or obligations without payment or performance, and quite another to obtain by sale under fair and prudent management, the value of such assets. We answer that the statute in question is constitutional.